DIF

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BANKERS STANDARD INSURANCE CO., as subrogee
of Robyn Wolf-Eagle and Alan Eagle,

                Plaintiff,

      -against-

R.C. COMPLETE LANDSCAPING and ROBERT
CERPENA,

                Defendants.
------------------------------------------------------------------X

ORDER

17-CV-4415 (NGG) (GRB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Bankers Standard Insurance Co., as subrogee of Robyn Wolf-Eagle and Alan Eagle (the "Eagles"), alleges that "a vehicle operated by" Defendants R.C. Complete Landscaping and Robert Cerpena collided with a wall of the Eagles' home while Defendants performed landscaping work on or around July 30, 2016, causing extensive damage to the house. (Compl. (Dkt. 1) at ¶¶ 9-11, 14-18; Aff. of Michael D. O'Donnell ("O'Donnell Aff.") (Dkt. 15-1) ¶ 4.) Pursuant to the Eagles' insurance policy, Plaintiff paid them $183,465.43 for damages resulting from the accident. (O'Donnell Aff. ¶ 6; see Damage Calculations (Dkt. 15-2).)

In this case, Plaintiff seeks the same amount in damages—$183,465.43—from Defendants. (O'Donnell Aff. ¶ 15; Damage Calculations.) Plaintiff filed its complaint on July 26, 2017. (Compl.) On March 27, 2018, Plaintiff secured certificates of default as to both Defendants. (Certificate of Default (Dkt. 14).) Plaintiff then moved for default judgment (Mot. for Default J. ("Mot.") (Dkt. 15)), and this court referred the motion to Magistrate Judge Gary R. Brown (May 21, 2018 Order) for a report & recommendation ("R&R").

On February 27, 2019, Judge Brown issued an R&R in which he recommended that this court grant Plaintiff's motion and award Plaintiff the damages it requests: $183,465.43. (R&R

1

(Dkt. 16) at 2.) According to Judge Brown, the record reflects that proper service was made on Defendants, that Defendants did not file an answer or motion, and that the Clerk of Court properly entered a notation of default pursuant to Federal Rule of Civil Procedure 55. (R&R at 1.) He found that Defendants' defaults "constitute 'an admission of all well-pleaded allegations'" against them and that Plaintiff has demonstrated that its allegations establish a subrogation claim against Defendants for property damage to the Eagles' home. (Id. (quoting Vermont Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004)).) He further found that Plaintiff had established through documentary evidence, including invoices for repairs to Plaintiff's home and checks issued by Plaintiff, that it is entitled to $182,448.48 for repairs-of-property costs and $1,016.95 for initial mitigation and board-up costs, for a total of $183,465.43. (Id. at 1-2 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).)

No party has objected to the R&R and the time in which to do so has passed. Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72, 1983 Advisory Committee's Notes; see Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017).

Finding no clear error in the R&R, the court ADOPTS the R&R (Dkt. 16) in full. Accordingly, Plaintiff's motion for default judgment (Dkt. 15) is GRANTED and the court awards Plaintiff $183,465.43 in damages. The Clerk of Court is respectfully DIRECTED to enter judgment for Plaintiffs and close this case.

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
March 28, 2019

NICHOLAS G. GARAUFIS
United States District Judge